# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

CHARLES WINTON LAND,

      Plaintiff,

v.                                            Civil Action No. 3:10-CV-981-B-BK

GINA STONE, et al.,

      Defendants,

## FINDINGS, CONCLUSION, AND RECOMMENDATION

Pursuant to the District Court's order of reference dated November 12, 2010 (Doc. 56), the following motions have been referred to the undersigned for a recommendation: (1) Defendant Greenway, Rhodes, Rodriguez, and Stone's *Motion to Dismiss* (Doc. 41); (2) Defendant Texas Department of Public Safety's ("DPS") *Motion to Dismiss* (Doc. 42); (3) Defendant Texas Highway Patrol's ("THP") *Motion to Dismiss* (Doc. 46); and (4) Plaintiff's *Motion for Hearing and to Amend Complaint* (Doc. 54).

**A.**     **Background**

In May 2010, Plaintiff filed his original *pro se* complaint, and several of the Defendants moved to dismiss based on, *inter alia*, statute of limitations grounds. (Doc. 1; Doc. 11 at 2-3; Doc. 21 at 2-3). Plaintiff responded that his action was timely and requested and received permission to file an amended complaint, which he did in September 2010. (Doc. 24 at 3-4; Doc. 29 at 3-4; Doc. 37). He alleged in his amended complaint that in December 2007, Defendant State Trooper Gina Stone stopped him for no reason while he was driving his truck, altered evidence from the videotape of the encounter, and falsely accused him of criminal activity. (Doc.

37 at 1-2). Plaintiff claims that Trooper Stone's actions violated "*Bivens*," criminal statutes 18 U.S.C. §§ 241, 242, and 245, and abridged his right to engage in interstate commerce. (*Id.*). He alleges that Trooper Stone then conspired with Troopers George Greenway and Jose Rodriguez to falsify evidence of their infliction of emotional distress and assault on Plaintiff when he tried to prevent Trooper Greenway from interrogating his wife, who was riding in the truck with him.[1] (*Id.* at 2-3). He claims these actions and the troopers' wrongful arrest of him violated due process, his Fourth Amendment rights to be free from unlawful search and seizure, equal protection of the law, his First Amendment rights, and 42 U.S.C. § 1986. (*Id.* at 2-4, 6).

Plaintiff also contends that he complained to the DPS about the events and has "good reason to believe someone similarly situated to Mr. Land" also was "denied services" by DPS, which must have a policy of allowing such conduct. (*Id.* at 4). Next, Plaintiff alleges that (1) "he has good reason to believe" that Trooper Kevin Rhodes falsified the video evidence of the encounter, (2) once Plaintiff was in jail, another unnamed trooper threatened him and roughly handled him, and (3) the other troopers acted with deliberate indifference in failing to protect him from that harm.[2] (*Id.* at 4-5). He states that he is suing all Defendants for monetary damages in their official and individual capacities, and he also requests injunctive relief to clear his criminal record so he can get his driver's license back. (*Id.* at 7-8).

---

[1] Ultimately, Plaintiff was convicted. of resisting arrest and interference with public duties, but apparently was not ticketed for any alleged traffic violation. (Doc. 37 at 1); *Land v. State*, 2010 WL 3123369 (Tex. App. - Dallas 2010, *pet. for disc. rev. filed* Nov. 9, 2010).

[2] Plaintiff also contends that state prosecutors, Defendants Braddy and Aiken, violated his constitutional rights by preparing the troopers to give perjured testimony in the case against him. (Doc. 37 at 6-7). The Court will not discuss these claims further, however, because Plaintiff voluntarily dismissed these defendants from suit in August 2010. (Doc. 27).

**B.     Troopers' *Motion to Dismiss* (Doc. 41)**

Troopers Stone, Rodriguez, Greenway, and Rhodes now move to dismiss Plaintiff's complaint. (Doc. 41). They first allege that to the extent he is suing them in their official capacities, his claims must be dismissed based on Eleventh Amendment immunity because his suit is actually against the state. (*Id.* at 2-3). Next, they contend that Plaintiff's case is barred by the applicable two-year statute of limitations because the alleged acts occurred in December 2007, but he did not file his original complaint until mid-2010. (*Id.* at 4). Finally, the troopers argue that Plaintiff has failed to state a claim against them. (*Id.* at 5).

Plaintiff responds that his complaint states a claim for relief under liberal pleading standards and, if the Court dismisses his complaint, he should be given leave to amend again or a hearing on the *Motion to Dismiss*. (Doc. 48 at 1-2; Doc. 52; Doc. 53 at 1). He also raises the identical defense to the statute of limitations bar that he did in response to the original motions to dismiss, namely that his cause of action is not time-barred because the DPS dismissed his complaints in 2009, and he acted with reasonable diligence in resolving his criminal case. (Doc. 48 at 3; Doc. 53 at 2).

**1.     Threshold Issues**

*a. Applicability of Bivens*

As an initial matter, although Plaintiff notes that his action is brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (doc. 37 at 1-2), a *Bivens* action is a civil rights suit brought against federal authorities. Because Plaintiff is suing state officials and entities, his claims are more properly construed as being brought pursuant to 42 U.S.C. § 1983.

3

### b. Official Capacity Claims

Insofar as Plaintiff sues the state troopers under section 1983 in their official capacities, his claims should be dismissed as barred by the Eleventh Amendment because the state is the "real, substantial party in interest" in this case. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) (citations omitted) ("[W]hen the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.").

### c. Criminal Statutes

Plaintiff claims that Trooper Stone's actions violated 18 U.S.C. §§ 241, 242, and 245. (Doc. 37 at 1-2). Insofar as Plaintiff is requesting that this Court grant him relief under these criminal statutes, such a request is not cognizable in a section 1983 action because the prosecution of federal criminal offenses falls within the exclusive jurisdiction of the executive branch of the federal government. *Cort v. Ash,* 422 U.S. 66, 79 (1975) (noting that a plaintiff has no right to bring a private action under criminal statutes).

### 2. Applicable Law Under Federal Rule of Civil Procedure 12(b)(6)

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain

conclusory allegations, but must be pled with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). The standard set forth in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint thus is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Id.* In ruling on a motion to dismiss, the district court also may consider matters of which judicial notice may be taken. *United States ex rel. Willard v. Human Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *see* FED.R.EVID. 201(f) (noting that judicial notice may be taken at any stage of the proceedings). A statute of limitations defense properly may be asserted in a Rule 12(b)(6) motion. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

    *a. Violations of 42 U.S.C. §§ 1985, 1986*

Section 1985(3) of Title 42 prohibits persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . ." Although Plaintiff does not cite to section 1985 in his complaint, he alleges a conspiracy among Troopers Stone, Greenway, Rodriguez, and Rhodes to falsify the videotaped evidence used in the trial against him in violation of his due process, Fourth Amendment, and equal protection rights. (Doc. 37 at 2, 6). Thus, a liberal construction of the complaint reveals that he is attempting to state a violation of section 1985(3). *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts should liberally construe *pro se* pleadings). Nevertheless, this claim lacks the requisite specificity

5

because Plaintiff has not pled the operative facts on which his claim is based. Bald allegations that a conspiracy existed are insufficient under the civil rights statutes. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Further, Plaintiff has failed to allege that he was the victim of a protected class-based conspiracy as required under section 1985(3). *Newberry v. East Texas State University*, 161 F.3d 276, 281 n.2 (5th Cir. 1998). Accordingly, Plaintiff's conspiracy allegations are insufficient to survive a motion to dismiss. *Ashcroft*, 129 S.Ct. at 1949.

Further, while Plaintiff purports to bring a claim under section 1986, (doc. 37 at 4), he does not allege a valid corollary violation of section 1985, which is a prerequisite to a section 1986 claim. *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000) (noting that liability under section 1986 requires a valid section 1985 violation). Thus, both of these claims should be dismissed.

  *b. Eighth Amendment Claim*

Plaintiff contends that while he was in jail, an unnamed trooper threatened him and roughly handled him, and "he has good reason to believe" that Troopers Stone, Greenway, and Rodriguez acted with deliberate indifference in failing to protect him from that harm. (Doc. 37 at 4-5). This claim lacks the requisite specificity and merely alleges a legal conclusion that the Defendant troopers acted with deliberate indifference to his safety. This is insufficient to survive a motion to dismiss. *Ashcroft*, 129 S.Ct. at 1949.

  *c. Injunctive Relief*

To the extent that Plaintiff's complaint requests injunctive relief to clear his criminal record, any injunctive relief this Court could consider in that regard would involve an assessment of the legality of Plaintiff's confinement, and such a challenge may only be brought under 28

U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release); (Doc. 37 at 7-8). Accordingly, this claim should be dismissed without prejudice to Plaintiff filing a section 2254 petition challenging his convictions.

    *d. Statute of Limitations*

The Defendant troopers contend that each of Plaintiff's claims is barred by the statute of limitations. Liberally construed, the claims that have not already been disposed of above allege: (1) a Fourth Amendment violation based on lack of probable cause for Trooper Stone to stop his truck; (2) an infringment of Plaintiff's right to engage in interstate commerce, based on the traffic stop; (3) the trooper's use of excessive force against Plaintiff when he tried to prevent Trooper Greenway from questioning his wife; and (4) false arrest and malicious prosecution in violation of the Fourth Amendment. (Doc. 37 at 1-4, 6).

In section 1983 actions, a federal district court applies the forum state's personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). Texas has a two-year statute of limitations on personal injury actions. Tex. Civ. Prac. & Rem. Code § 16.003(a). An action accrues when a plaintiff can file suit and obtain relief. *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (quotations omitted). The following claims by Plaintiff are time-barred because they accrued on December 1, 2007, the date of the incident, but he did not file suit within two years of that date: (1) his Fourth Amendment claim based on lack of probable cause for the vehicle stop and the subsequent seizure of his person; (2) his interstate commerce claim; and (3) the troopers' use of excessive force against Plaintiff during the traffic stop. *Price v. City of San Antonio*, 431 F.3d 890, 893 (5th Cir. 2005) (holding that excessive force and unreasonable search

7

claims accrue on the date of the underlying incident).

Further, Plaintiff's claim for false arrest accrued once he was held pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 389-91, 397 (2007) (holding that where an arrest is followed by criminal proceedings, the statute of limitations for a section 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment begins to run when the claimant becomes detained pursuant to legal process). In this case, the Court takes judicial notice of Plaintiff's state court criminal records, which reveal that Plaintiff was held pursuant to legal process no later than March 2008 when he appeared in court and requested a rescheduled trial date. *Willard*, 336 F.3d at 379; *see Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (noting that the district court could take judicial notice of a judgment entered in a different case for the limited purpose of taking as true the action of the court in entering the judgment). Because Plaintiff did not file this action until more than two years past that date, his false arrest claim also is barred by the statute of limitations. Accordingly, Plaintiff's Fourth Amendment, interstate commerce, excessive force, and false arrest claims should be dismissed as untimely.

Despite Defendants' arguments to the contrary, however, the statute of limitations does not bar Plaintiff's claim of malicious prosecution. Rather, that claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Plaintiff's claim of malicious prosecution would imply the invalidity of his conviction, but Plaintiff's conviction has not been overturned. *Heck*, 512 U.S. at 487; *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir.

8

1995) (noting that if a plaintiff is convicted and evidence is presented by the prosecution at his criminal trial which is a product of his arrest, then his section 1983 claims challenging the validity of his arrests would undermine the validity of his conviction and hence be barred by *Heck*); *Brummett v. Camble*, 946 F.2d 1178, 1183-84 (5th Cir. 1991) (holding that the termination of the underlying criminal proceeding in favor of the accused is an essential element of a section 1983 malicious prosecution claim, and the cause of action accrues upon the termination of the criminal prosecution). In fact, Plaintiff's conviction and sentence were recently affirmed on appeal. *Land v. State*, 2010 WL 3123369 (Tex. App. - Dallas 2010, *pet. for disc. rev. filed* Nov. 9, 2010) (affirming Plaintiff's convictions for resisting arrest and interference with public duties). Because a "§ 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated," Plaintiff's malicious prosecution claim is premature and should be dismissed without prejudice. *Heck*, 512 U.S. at 487 n. 6, 489-90.

**C.     Defendant DPS's and THP's *Motions to Dismiss* (Docs. 42, 46)**

DPS and THP argue, in relevant part, that they are entitled to Eleventh Amendment immunity as state agencies. (Doc. 42 at 2). Plaintiff responds that the Eleventh Amendment does not bar his claim for prospective injunctive relief against DPS to prevent the troopers from committing future offenses. (Doc. 47 at 4; Doc. 50 at 3; Doc. 52 at 4-5). Plaintiff also argues that his suit against DPS is brought under a theory of municipal liability pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) because DPS has a policy of allowing ongoing violations of law. (Doc. 47 at 2, 5; Doc. 50 at 3; Doc. 51 at 2; Doc. 52 at 4-5). Alternatively, he seeks leave to amend his complaint again and for a hearing. (Doc. 47 at 1, 5;

Doc. 50 at 4; Doc. 51 at 3; Doc. 52 at 5).

As to his claim against THP, Plaintiff argues that he has standing to bring the claim based on the troopers' egregious unconstitutional actions and THP's conspiracy with the officers to conduct an inadequate investigation thereof, which also violates section 1986. (Doc. 54 at 2-3; Doc. 55 at 4-7).

The Eleventh Amendment bars claims against a state's agencies brought pursuant to section 1983. *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991). Thus, Plaintiff's claims for monetary damages against both THP and DPS are barred. In *Ex Parte Young*, 209 U.S. 123 (1908), however, the Supreme Court carved out an exception to Eleventh Amendment immunity, holding that the Eleventh Amendment does not bar a suit against a state official to enjoin his enforcement of an allegedly unconstitutional law. *American Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 920-21 (5th Cir. 1993). To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of section 1983 must be brought against individuals in their official capacities as agents of the state, and the relief sought must be either declaratory or injunctive in nature as well as prospective in effect. *See Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).

In this case, Plaintiff requests only that this Court clear his criminal record.[3] (Doc. 37 at 7-8). As discussed above, however, any injunctive relief the Court could consider in that regard would involve an assessment of the legality of Plaintiff's confinement, and such a challenge may

---

[3] Although Plaintiff contends that he also sought injunctive relief to prevent the Defendants from committing future constitutional violations in Counts 1 and 3 of his complaint, a review of his complaint does not reveal any such claim.

only be brought under section section 2254. *Preiser*, 411 U.S. at 487-90. Finally, *Monell* municipal liability has no applicability to this case because DPS and THP are state agencies, not local governmental entities. *Monell*, 436 U.S. at 690 (holding that municipalities and other local government entities are "persons" that may be sued under section 1983).

## D. Leave to Amend Complaint and for a Hearing

Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Here, however, Plaintiff already has amended his complaint once in response to the Defendants' prior motions to dismiss based on the exact grounds on which they currently seek dismissal. "[I]f the protections afforded public officials are not to ring hollow, plaintiffs cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold." *Id.* If a plaintiff has had a full and fair opportunity to make his best case and a cause of action has not been established, the court should dismiss the complaint with prejudice. *See id.* at 792-93. Plaintiff's original and amended complaints are not significantly different, and his arguments in response to the Defendants' most recent *Motions to Dismiss* are identical to those he raised in opposition to their original dismissal motions. Therefore, allowing Plaintiff to replead his complaint yet again would only "prolong the inevitable" and expose the Defendants to further expense. *See id.* at 791-93. Accordingly, Plaintiff's request for leave to amend his complaint and for a hearing should be **DENIED**.

## E. Conclusion

For the foregoing reasons, it is **RECOMMENDED** that (1) Defendant Greenway, Rhodes, Rodriguez, and Stone's *Motion to Dismiss* (Doc. 41) be **GRANTED**; (2) Defendant

DPS's *Motion to Dismiss* (Doc. 42) be **GRANTED**; (3) Defendant THP's *Motion to Dismiss* (Doc. 46) be **GRANTED**; (4) Plaintiff's *Motion for Hearing and to Amend Complaint* (Doc. 54) be **DENIED**; and (5) the case be **DISMISSED WITH PREJUDICE** and closed.

**SO RECOMMENDED** on December 14, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE